**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**THERESA BORUSH O/B/O M.B.,**

        **Plaintiff,**

    v.                                                                              **3:11-CV-953
                                                                                 (MAD/ATB)**

**MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,**

        **Defendant.**
_____

**APPEARANCES:**                                                **OF COUNSEL:**

OLINSKY LAW GROUP                                       Howard D. Olinsky, Esq.
One Park Place
300 South State Street
Syracuse, New York 13202
*Attorney for Plaintiff*

Social Security Administration                          Jeremy A. Linden, Esq.
Office of Regional General Counsel
Region II
26 Federal Plaza - Room 3904
New York, NY 10278
*Attorney for Defendant*

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

**MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

    Plaintiff Theresa Borush brings the above-captioned action on behalf of her minor daughter, M.B., pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking a review of the Commissioner of Social Security's decision to deny M.B.'s application for Supplemental Security Income ("SSI").  This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.3(d).

Magistrate Judge Baxter recommended that this Court enter judgment on the pleadings affirming the Commissioner's decision denying disability and dismissing plaintiff's complaint. (Dkt. No. 17). Presently before the Court is plaintiff's objection to the Report and Recommendation (Dkt. No. 18) and defendant's response thereto. (Dkt. No. 19).

## II.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff has not objected to the Magistrate Judge's recitation of the Procedural History and Factual Background in this case. Accordingly, the Court adopts those portions of the Report and Recommendation in their entirety.

## III.  REPORT AND RECOMMENDATION

In the Report and Recommendation, Magistrate Judge Baxter found that: (1) the ALJ made reasonable efforts to obtain evidence from plaintiff's treating sources and claimant's school; (2) substantial evidence in the record supports the ALJ's functional analysis findings, with one exception that constitutes harmless error; and (3) the ALJ's credibility assessment is supported by substantial evidence.[1]  (Dkt. No. 17).

## IV.  DISCUSSION

### A.  Standard of Review

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether plaintiff is disabled. Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[1] Plaintiff did not raise an objection to the portion of the Report and Recommendation regarding credibility.

2

conclusion." *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a Magistrate's Report and Recommendation to which a party specifically objects.  Failure to object timely to any portion of a Magistrate's Report and Recommendation operates as a waiver of further judicial review of those matters.  *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).  "To the extent, that a party simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, 2010 WL 1645060, at *1 (S.D.N.Y. 2010) (citing, *inter alia, Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ( "Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted)).

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the following grounds:  (1) the ALJ erred in failing to recontact Nurse Hooper and Social Worker Bright-Berhannan; (2) the ALJ erred in failing to recontact claimant's more recent teachers; and (3) the ALJ's finding that claimant had a less than marked limitation in attending and completing tasks is unsupported by substantial evidence. (Dkt. No. 18).  Defendant filed a response claiming that plaintiff reiterates the same arguments that she previously raised in her initial brief. (Dkt. No. 19).

**B.    Duty to Develop Record**

    **1.    Medical Sources**

Plaintiff argues that the ALJ erred when he failed to obtain a Medical Source Statement from both Nurse Hooper and Social Worker Bright-Berhannan.  An ALJ has an obligation to develop the administrative record, including, in certain circumstances, recontacting a source of a

3

claimant's medical evidence to obtain additional information. *Lukose v. Astrue*, 2011 WL 5191784, at *3 (W.D.N.Y.2011) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir.1998)). The ALJ will obtain additional evidence if he/she is unable to make a determination of disability based on the current record. 20 C.F.R. § 404.1527(c)(3).

With respect to Medical Source Statements, this Circuit has consistently held that if the record does not contain any Medical Source Statement or RFC Assessment from plaintiff's treating physician, the ALJ has a duty to contact plaintiff's treating physician in an attempt to obtain an assessment. *See Pitcher v. Barnhart*, 2009 WL 890671, at *14 (N.D.N.Y.2009). The Regulations provide that, "[t]he Commissioner should request an MSS from the claimant's treating physician if such a statement has not been provided". *Outley v. Astrue*, 2010 WL 3703065, at *4 (N.D.N.Y.2010) (citing 20 C.F.R. § 416.912(d) (explaining that the Commissioner will "make every reasonable effort to help you get medical reports from your own medical sources, a medical report should include an MSS").

Here, the Magistrate Judge properly found, and plaintiff does not dispute, that Nurse Hooper and Social Worker Bright-Berhannan are not "treating sources". The Magistrate Judge also noted the following: (1) the Social Security Administration requested a medical source statement from Nurse Hooper and Social Worker Bright-Berhannan's practice group but did not receive an executed statement; (2) the ALJ had Hooper and Bright-Berhannan's treatment records from November 2008 through August 2009; (3) claimant's attorney was given a 30 day extension to submit updated treatment records; (4) the Social Security Administration scheduled psychiatric and physical consultative examinations; and (5) the ALJ referenced Hooper and Bright-Berhannan's records in the opinion and considered their observations. Plaintiff does not object to these findings. Rather, plaintiff argues that the ALJ's failure to recontact Hooper or Bright-

4

Berhannan for a medical source statement was error. The Court disagrees and adopts the Magistrate Judge's recommendation on this issue. The ALJ was not compelled to request a Medical Source Statement from Hooper or Bright-Berhannan as they are not "treating sources". The cases cited by plaintiff in her objection to the Magistrate Judge's Report-Recommendation involve cases where the ALJ failed to recontact the treating physician or treating source for an MSS. *See Johnson v. Astrue*, 811 F.Supp.2d 618 (E.D.N.Y. 2011) (the ALJ erred when he failed to request an RFC assessment from the plaintiff's treating source); *see also Funk v. Astrue*, 2012 WL 501017 (N.D.N.Y. 2012) (ALJs have an affirmative duty to request medical source statements from a plaintiff's treating sources in order to develop the record, regardless of whether a plaintiff's medical record otherwise appears complete). Plaintiff cites to no caselaw to support her position that an ALJ must recontact an acceptable medical source for a Medical Source Statement. In this matter, the ALJ adequately developed the record with respect to the acceptable medical sources.

### 2. **Claimant's Teachers**

Plaintiff also argues that the Magistrate Judge's recommendation that the ALJ did not err in failing to recontact claimant's teachers should be rejected. Specifically, plaintiff claims that the record was incomplete as "two years of teacher opinions are lacking" and the record lacked opinions from claimant's fifth and sixth grade teachers regarding her abilities in the domains.

Plaintiff cites to 20 C.F.R. 416.924a(a)(2)(iii) which provides:

> School. If you go to school, we will ask for information from your teachers and other school personnel about how you are functioning there on a day-to-day basis compared to other children your age who do not have impairments. We will ask for any reports that the school may have that show the results of formal testing or that describe any special education instruction or services, including home-based instruction, or any accommodations provided in a regular classroom.

5

Plaintiff argues that the record lacks opinions from claimant's teachers but she does not specify the substance of those alleged opinions.  Plaintiff fails to explain how this evidence would have affected the outcome of the proceedings. Plaintiff's reference to these alleged opinions, "with nothing more than conclusory statements that this evidence reveals the ALJ's material error", is insufficient to show that the ALJ did not fulfill his duty to develop the record. *Batista ex rel. M.B. v. Astrue*, 2010 WL 3924684, at * 11 (E.D.N.Y. 2010) (citing *Velasquez v. Barnhart*, 2006 WL 3431190, at *4 (S.D.N.Y. 2006) (rejecting petitioner's argument about development of the record where she failed to describe what relevance she believed the supplemental records would have to the disability determination)).

Plaintiff offers no new facts or caselaw to support her objection to the Magistrate Judge's recommendation.  Indeed, plaintiff refers back to her Memorandum of Law (Dkt. No. 12).  As discussed *supra*, the Court need not consider objections that merely constitute "rehashing" of the same arguments and positions taken in original papers submitted to the Magistrate Judge. *Taylor v. Astrue*, 2012 WL 4480665, at *3, n.4 (N.D.N.Y. 2012) (collecting cases).

In this matter, the record was sufficiently developed to provide the ALJ with the information necessary to assess M.B's limitations in each functional domain, and nothing in the regulations or the caselaw requires an ALJ to obtain opinions from plaintiff's fifth and sixth grade teachers. *See Morgan ex rel. Morgan v. Barnhart*, 2007 WL 2609897 at *2 (S.D.N.Y. 2007).

**C.     Functional Domain**

Plaintiff argues that the Magistrate Judge's recommendation that substantial evidence supports the ALJ's finding that claimant had a less than marked limitation in attending and completing tasks should be rejected.  The Court notes that plaintiff presented the same argument

6

and caselaw in her initial Memorandum of Law. Thus, the Court reviews this portion of the Report-Recommendation for "clear error" only.

Plaintiff claims that the ALJ erred when he ALJ failed to assign weight to the February 2009 opinions of M.B.'s fourth grade teachers. (T. 251).[2] The document in question is a February 26, 2009 letter executed by Stephanie A. Garbarino (Fourth Grade Collaborative Teacher) and Michele M. Zakrajsek (Fourth Grade Teacher). The ALJ did not specifically refer to the February 2009 letter. However, he assigned "substantial weight" to the March 2010 evaluation performed by M.B.'s school psychologist. In that report, the psychologist "reviewed [M.B.'s] school records". (T. 187). The ALJ also afforded "substantial weight" to the March 2010 determination by the Committee on Special Education. (T. 19). The ALJ noted that the aforementioned assessments were "consistent with the evidence of record as a whole". (T. 19). Moreover, the ALJ addressed and considered plaintiff's medical records from Lourdes Medical Clinic (T. 18) which include a copy of the February 2009 letter and specific reference the letter in a Medication Management Follow-Up Visit. (T. 272).

Because the bulk of the record supports the ALJ's determination, the Court finds no error in the ALJ's failure to specifically reference or assign weight to the February 2009 letter. *See Lopez ex rel. L.J.L. v. Comm'r of Soc. Sec.*, 2012 WL 2497275, at \*6 (S.D.N.Y. 2012) (the ALJ did not err by not addressing a 2008 Teacher Questionnaire that indicated that the claimant had serious problems).

To the extent that this objection is based upon the ALJ's failure to develop the record and recontact Hooper, Bright-Berhannan or M.B.'s teachers after the fourth grade, that argument is rejected consistent with this Court's ruling *supra*. Finally, plaintiff claims that the ALJ

---

[2] "(T.)" refers to pages of the Administrative Transcript, Dkt. No. 9.

7

committed "harmful error" in finding that M.B. had no limitation in interacting and relating to others because he made errors in determining M.B.'s limitations in the domain of attending and completing tasks. For the reasons set forth above, this argument lacks merit.

## IV. CONCLUSION

**It is hereby**

**ORDERED** that the Report-Recommendation (Dkt. No. 17) is hereby adopted in its entirety; it is further

**ORDERED** that the Clerk is directed to close the case and enter judgment accordingly; it is further;

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

**IT IS SO ORDERED**

Dated: November 1, 2012
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge